UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ARREOLA,<br><br>        Plaintiff,<br><br>    v.<br><br>MAPFRE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 17-cv-05642-VC<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 9 |

The parties are ordered to file letter briefs on the following subjects by no later than March 28, 2018 at 5 p.m.

1. Mapfre argues that Affirmative became insolvent in March 2016, when a complaint for liquidation was filed in Illinois state court. Dkt. No. 9, Motion at 10; Dkt. No. 9-2, Liquidation Complaint at 1. But an insurer can be insolvent absent a formal determination of insolvency. Whether an insurer is insolvent under California Insurance Code § 11580.2 depends on the equitable definition of insolvency. *See Romano v. Mercury Ins. Co.*, 128 Cal. App. 4th 1333, 1339, 1342-45 (2005) ("There is only one definition of 'insolvency' – and it is an equitable definition, including simple failure to pay.").

Mapfre has pointed to some evidence that Affirmative was solvent after April 2015. Dkt. No. 9-2, Liquidation Complaint at ¶ 6. And the plaintiff does not seem to argue that Affirmative was insolvent within a year of the accident at issue in this case. Nonetheless, the parties should address whether there is evidence – either currently in the record or potentially available during discovery – showing that Affirmative was insolvent within a year of the accident. *Cf. Romano*, 128 Cal. App. 4th at 1346 (noting that "an expert hired by [the plaintiff] was able to ascertain

insolvency simply by looking at *public filings* with California's Insurance Commissioner"). On December 31, 2015, Affirmative was insolvent by at least $31,000,000. Dkt. No. 9-2, Liquidation Complaint at ¶ 7. This level of insolvency doesn't happen overnight. Moreover, Affirmative took over a year to process Arreola's claim and conditionally offer her a full settlement at the policy limit. *See* Dkt. Nos. 18-3, 18-4. This delay suggests that Affirmative was not "able to pay obligations when they come due." *Romano*, 128 Cal. App. 4th at 1339.

    2. Assuming that Arreola has no uninsured motor vehicle claim, the central question is whether Arreola exhausted the limits of the Affirmative policy. *See* Cal. Ins. Code § 11580.2(p)(3). Both parties should address whether Arreola can seek payment from the California Insurance Guarantee Association, can receive compensation during Affirmative's liquidation process, or can otherwise recover from Affirmative's policy (for example, from another insurance guarantee association). It appears that Arreola may have a covered claim. *See* Office of the Special Deputy Receiver, State of Illinois, *Affirmative Ins. Co. Liquidation Notice* (March 24, 2016) http://www.osdchi.com/PDF%20Files/Scanned%20Orders/affirmative/NoticetoClaimantsofOpenClaims.pdf [https://perma.cc/2Y82-DYKA]. Arreola should also address whether she has in fact made any attempts to recover her claim with Affirmative.

    **IT IS SO ORDERED.**

Dated: March 26, 2018

                                                VINCE CHHABRIA
                                                United States District Judge